IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TAMMY FRYE,

      **Plaintiff,**

v.                                      Case No.: 3:10-cv-01415

TRI-STATE FOOD SYSTEMS, INC.,

      **Defendant.**

## ORDER

Pending before the Court is Plaintiff's Motion to Compel and supporting memorandum (Docket Nos. 21 and 22). Defendant has filed a response to the motion (Docket No. 25), and Plaintiff has filed a reply (Docket No. 30). Accordingly, this matter is fully briefed and ready for resolution. Having considered the arguments of counsel, the Court **GRANTS** Plaintiff's motion as set forth below:

    1.    Defendant shall fully and completely respond to Interrogatory Nos. 6, 8, 9, 10, 12, 14, 16, 18, 20, 22, and 25 within **fourteen (14)** days of the date of this Order;

    2.    In regard to Defendant's answer to Interrogatory No. 15, the Court overrules Defendant's general objections for the reasons that follow. More often than not, District Courts in the Fourth Circuit have held that general objections to discovery requests, without more, are invalid. *See, e.g., Mainstreet Collection, Inc. v. Kirklands, Inc.,* 270 F.R.D. 238 (E.D.N.C. 2010)(mere recitation of the familiar litany that a request is overly broad, burdensome, oppressive, and irrelevant does not constitute a specific

objection); *Hager v. Graham,* 267 F.R.D. 486, 492 (N.D.W.Va. 2010)("general objections to discovery, without more, do not satisfy the burden of the responding party … because they cannot be applied with sufficient specificity to enable courts to evaluate their merits."); *Mills v. East Gulf Coast Preparation Co., LLC,* 259 F.R.D. 118, 132 (S.D.W.Va. 2009)("boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable."); *Mancia v. Mayflower Textile Services Co.,* 253 F.R.D. 354 (D.Md. 2008)(court disapproves of a general objection asserted "to the extent" that it applies). As such, a party's reliance upon general objections is injudicious and often results in the unintentional waiver of all applicable specific objections. Fed. R. Civ. P. 33(b)(4) and L.R. Civ. P. 34.1(b)(1); *See, also, Kinetic Concepts, Inc. v. ConvaTec Inc.,* 268 F.R.D. 226 (M.D.N.C. 2010).

Here, Defendant lists a series of general objections prior to answering any of the discovery requests. These voluminous objections are asserted under the heading "General Objections;" some are boilerplate regurgitations of language from Fed. R. Civ. P. 26; some apply only "to the extent that" they are triggered; and one merely reiterates Defendant's duty to supplement, which is already explicitly contained in the Federal Rules of Civil Procedure. Defendant makes no effort to identify which of the "General Objections" pertain to individual discovery requests; frequently asserting that any answer given to the request is "subject to" all of the general objections, which are "incorporated by reference as if fully set forth" in the answer. As a result, it is impossible for the Court to discern which, if any, of the general objections are actually relied upon by Defendant in response to discrete interrogatories and requests for production of documents propounded by Plaintiff. Thus, the Court finds that Defendant's indiscriminate use of "General Objections" frustrates the purpose of discovery and fails

to comply with the specificity requirements of Fed R. Civ. P. 33(b)(4) and Fed R. Civ. P 34(b)(2)(B) and (C), as well as L.R. Civ. P. 34.1(b)(1). Accordingly, these objections, being contrary to the law of this District, are overruled, and will not be considered by the Court when assessing whether Defendant's responses or objections to discovery requests are substantially justified.

3. In regard to Interrogatory Nos. 19, 21, and 24, the Court requires oral argument on the relevance and scope of these requests. Accordingly, a hearing will be held on **Thursday, March 8, 2012** at **1:00 p.m.** before the undersigned United States Magistrate Judge in the first floor courtroom, Sidney L. Christie Federal Building, 845 Fifth Avenue, Huntington, West Virginia 25701. Plaintiff contends that the Court should compel full responses to these Interrogatories in light of Defendant's failure to timely file answers, which under the Local Rules effectively resulted in a waiver of all objections. Although the Court agrees with Plaintiff that Defendant has not provided good cause for its dilatory responses and has, in part, asserted baseless objections, the Court notes that Plaintiff likewise failed to abide by Local Rule 37.1(c), which requires Motions to Compel to be filed within thirty (30) days after the discovery is due lest they be waived. Because two of the above interrogatories involve information related to parties who have no involvement in the pending litigation, and as neither party has abided by the Local Rules, the Court will exercise its discretion and address the merits of the Defendant's objections and the Plaintiff's Motion to Compel.

4. Defendant shall identify which of the documents produced and Bates labeled 0001-0289 are responsive to **each individual** Request for Production of Documents Nos. 4, 5, 6, 11, 12, 13, 14, 15, 16, 18, 20, 21, 22, 24, 25 and, to the extent known at this time, to No. 28 within **fourteen (14)** days of the date of this Order;

5. In regard to Request for Production of Documents Nos. 3, 7, 8, 9, 10, 17, 19, 23, 26, and 27, Defendant shall produce any responsive documents pertaining specifically to plaintiff within **fourteen (14)** days of the date of this Order. The Court further requires oral argument on the relevance and scope of these requests to the extent that they seek documents regarding individuals who are not involved in the present litigation. The parties should be prepared at the March 8, 2012 hearing to address the privacy interests of these individuals and the need, if any, for a protective order to protect those interests.

The Court will also address at the above-referenced hearing the matter of the payment of expenses as required by Fed. R. Civ. P. 37(a)(5).

The Clerk is instructed to provide a copy of this Order to all counsel of record.

**ENTERED**: February 29, 2012.

Cheryl A. Eifert
United States Magistrate Judge