IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**TAMMY FRYE,**

    **Plaintiff,**

v.                                             Case No.: 3:10-cv-01415

**TRI-STATE FOOD SYSTEMS, INC.**

    **Defendant.**

### ORDER REGARDING DISCOVERY MOTION

Pending before the Court is Defendant's Motion to Determine the Sufficiency of Plaintiff's Responses to Requests for Admission and Motion to Compel Responses to Defendant's Third Set of Requests for Production of Documents (ECF No. 45). Plaintiff has filed a Response (ECF No. 48), and Defendant has filed a Reply (ECF No. 50). The Court notes that Plaintiff has now provided documents responsive to the outstanding request contained in Defendant's Third Set of Requests for Production of Documents; accordingly, that issue is moot. Defendant is granted leave to file a supplemental motion to compel within fourteen (14) days after receipt of the aforementioned documents if Defendant deems the production to be inadequate.

Accordingly, the remaining issues involve Plaintiff's responses to Requests for Admission Nos. 8, 14, 19, and 20. Defendant asks that these requests be deemed admitted in light of Plaintiff's improper and inaccurate responses. As set forth below, the Court **GRANTS, in part,** and **DENIES, in part,** the pending motion.

Request No. 8 asks Plaintiff to admit that she was excluded from work at Tri-State by Larry Baker, D.O. prior to May 30, 2008. Plaintiff denied the request and then qualified her answer by indicating that Dr. Baker "never mentioned Tri State." Defendant argues that this answer is improper because it is not an unqualified denial; it was not based upon a reasonable inquiry; and it was not made in good faith. According to Defendant, Plaintiff admitted to seeing Dr. Baker after a motor vehicle accident in November 2007 and further admitted that Dr. Baker excluded her from working as a result of the injuries suffered in the accident. Given that Plaintiff was working at Tri-State at the time of these events, good faith required Plaintiff to admit that she was excluded from working at Tri-State by Dr. Baker. In response, Plaintiff argues that her answer is entirely appropriate, because the issue of whether she was prohibited from performing specific tasks for a specific employer is critical in this case. Consequently, as Dr. Baker did not explicitly mention Tri-State, Plaintiff's denial is correct.

The Court **DENIES** Defendant's motion in regard to Request No. 8. Although Defendant's logic is faultless, the request seemingly requires Plaintiff to admit that Dr. Baker had Tri-State specifically in mind when he instructed Plaintiff to stop working. Apparently, that was not the case, and there is nothing before this Court to indicate that Dr. Baker even knew where Plaintiff worked or what job duties were required by her employment position. Accordingly, the Court finds nothing improper about the answer and has no basis upon which to deem the request admitted. In addition, the Court notes that Rule 36(a)(4) allows a responding party to qualify its answer "when good faith requires." Here, the qualifier added by Plaintiff explained the basis for the denial; therefore, the answer does not violate Rule 36. Finally, the Court does not agree that the "reasonable inquiry" standard of Rule 36 required Plaintiff to obtain Dr. Baker's

retrospective impression of what he intended when he took her off of work four or five years ago; particularly, as the documents prepared contemporaneously with the physician's instruction allegedly do not support the conclusion that Dr. Baker's advice was specific to Tri-State.

In Request No. 14, Plaintiff was asked to admit that she was not released to return to work at Tri-State by Dr. Baker prior to May 30, 2008. Plaintiff responded with an unequivocal denial. Defendant argues that Plaintiff should not be permitted to deny this request in the face of other overwhelming evidence demonstrating that the request should be admitted. Defendant attaches Plaintiff's Memorandum in Support of Motion for Summary Judgment, which was filed in a companion case, and emphasizes that in this document Plaintiff repeatedly asserted that she was disabled and unable to work prior and subsequent to May 30, 2008. Therefore, her denial of Request No. 14 directly contradicts her prior position and should not be permitted.

Once again, the Court must **DENY** Defendant's motion seeking an order deeming the request admitted. While it certainly appears that Plaintiff is taking a position in this case that is broadly inconsistent with her prior representations, the request at issue specifically asks about Dr. Baker. The memorandum attached by Defendant does not mention Dr. Baker and nothing else has been submitted to the undersigned to definitively determine that Plaintiff's answer is inaccurate. Defendant argues that none of the documentation produced by Plaintiff contains a release to return to work; however, the request for admission is not limited to a *written* release. Accordingly, Plaintiff's answer does not appear patently incorrect or insufficient at this time. Certainly, if Defendant subsequently proves that Plaintiff should have admitted

Request No. 14, Defendant will be free to seek reasonable expenses pursuant to Fed. R. Civ. P. 37(c)(2).

Request No. 19 pertains to a Charge of Discrimination filed by Plaintiff. In the request, Plaintiff was asked to admit that she filed the Charge "with the West Virginia Human Rights Commission" and that the Charge stated that in April 2008 Plaintiff provided Tri-State "with the notice of the need for reasonable accommodation by way of a letter from my physician." Plaintiff denied the request, indicating that the Charge was not filed with the West Virginia Human Rights Commission. Defendant concedes that the request misidentified the agency with which the Charge was filed, but contends that the substance of the request was not which agency received the Charge but whether Plaintiff made the statement in the Charge that she had provided Tri-State "with notice of the need for accommodation by way of a letter from her physician." Thus, Defendant argues that Plaintiff improperly asserted a blanket denial of the request although a portion of the request should have been admitted. To the contrary, Plaintiff contends that the substance of the request was unclear. Moreover, she offered to provide an amended response if Defendant would correct the inaccuracy in the request.

To a certain degree, the Court agrees with the positions of both parties. As Plaintiff contends, the "substance" of the question is not entirely clear in that it seeks two distinct admissions; first, that Plaintiff filed the Charge with the Commission and, second, that she made the statement contained in the Charge. However, as Defendant points out, Plaintiff certainly could and should have denied the first part of the admission and admitted the second part, assuming it is accurate. Therefore, to fairly resolve this issue, the Court **ORDERS** Defendant to submit an amended request or two separate requests within ten (10) days of the date of this order and further **ORDERS**

Plaintiff to file a response within ten (10) days thereafter.

The last disputed request, No. 20, seeks an admission from Plaintiff that she "did not provide any medical documentation to Tri-State in April 2008 notifying Tri-State of the need for reasonable accommodation as claimed in her Charge of Discrimination." Plaintiff initially failed to provide an acceptable answer to the request, but has since amended her answer and unconditionally denied the request. Defendant complains that this answer cannot be accurate, because in response to a companion request for production of documents, Plaintiff only produced an authorization for records held by MetLife and did not produce any medical documentation. In a similar request for production of documents, which should have elicited medical documentation notifying Tri-State of the need for accommodation, Plaintiff answered that she had no such documentation. Defendant argues that Plaintiff's responses to these various requests are at odds; thus, the request for admission should be deemed admitted. Plaintiff does not explain the apparent discrepancy between her responses to the requests for production of documents and her denial of request for admission no. 20.

Having considered the answers by Plaintiff, the Court finds that one way to reconcile them is to conclude that Plaintiff provided Tri-State with medical documentation in April 2008, but did not retain a copy. If in fact, that is Plaintiff's contention, then Tri-State is entitled to receive that explanation. Furthermore, Defendant is entitled to know which records in the possession of MetLife were allegedly provided to Tri-State as notification of the need for accommodation. Therefore, the Court **ORDERS** Plaintiff to specify within ten (10) days of the date of this order what record or records in the possession of MetLife were provided by Plaintiff to Tri-State in

April 2008 notifying it of the need for reasonable accommodation as claimed in her Charge of Discrimination.

The parties' cross motions for an award of reasonable fees incurred in making and responding to Defendant's motion are **DENIED.** Both parties set forth reasonable grounds for their positions and the results were mixed.

The Clerk is instructed to provide a copy of this Order to all counsel of record.

**ENTERED**: June 20, 2012.

Cheryl A. Eifert
United States Magistrate Judge